# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America )<br>v. )<br>)<br>STEVEN DOMINGO )<br>)<br>)<br>*Defendant(s)* | Case No. 2:21-mj-00096 KJN |

**FILED**
Jun 11, 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 6, 2021__ in the county of __San Joaquin__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | **Felon in possession of a firearm** |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

/s/ Patrick High
*Complainant's signature*

Patrick High, Task Force Officer, ATF
*Printed name and title*

Sworn to me and signed via telephone.

Date: June 11, 2021

*Judge's signature*

City and state: Sacramento, California      Kendall J. Newman, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF COMPLAINT**

I, Patrick A. High, being first duly sworn, hereby depose and state as follows:

## I. INTRODUCTION AND AGENT BACKGROUND

1. This Affidavit is made in support of a criminal complaint and arrest warrant for Steven DOMINGO for being a felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1).

2. I am a Detective with the Stockton Police Department. I have been a sworn law enforcement officer in California since December of 2007. In May 2020, I was cross designated as a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), San Francisco Division, Stockton Field Office. As a member of the ATF Violent Crime Task Force, I am responsible for investigating crimes related to firearms and gang activity.

3. Prior to my assignment as TFO with the ATF, I served in several investigative assignments to include the homicide unit, narcotics unit, uniformed gang unit, United States Marhsal Service, and the surveillance unit.

4. I have testified as an expert in firearms in the Superior Court of California and have been designated as an expert in State Court in the functionality, possession, and manufacture of various types of firearms.

5. I have received hundreds of hours of formal training with the Stockton Police Department, including the P.O.S.T. basic police academy, which I completed in 2007. I have attended more than 500 hours of investigation-based classes, lectures, and seminars.

6. In addition to my classroom training, I have been involved in over 200 gang/narcotics/firearms-related investigations. In my 13-year career in law enforcement, I have participated in all aspects of criminal investigations, including physical and electronic surveillance, executing search warrants, interviews, and arrests. In addition to my classroom training, this practical experience has formed the basis of my opinions set forth below.

7. As a result of my training and experience with the Stockton Police Department,

Affidavit

and the ATF, I am familiar with the State and Federal laws pertaining to firearms. I know that it is unlawful under Title 18 of the United States Code for a convicted felon to possess ammunition.

8. The information contained in this Affidavit is based on my review of the reports and files in this case reported in Stockton Police Department case number 21-12020 and California Department of Corrections and Rehabilitation Report INV-0000007348. This Affidavit is submitted for the limited purpose of establishing probable cause, I have not included every fact known to me and other law enforcement investigators about this case. Instead, I have set forth only those facts I believe are necessary to support probable cause for the issuance of a criminal complaint and arrest warrant for Steven DOMINGO.

## II. PROBABLE CAUSE

9. On April 6, 2021, at approximately 09:30 a.m., Stockton Police Officers Travis Weber and California Department of Corrections and Rehabilitation Special Agent (SA) Chris Rodriguez were working as members of the United States Marshals Service (USMS) Fugitive Task Force as TFOs. They were assisting the United States Probation Office with locating and arresting Steven DOMINGO.

10. Officer Weber and SA Rodriguez were assigned to apprehend DOMINGO because he had a Federal warrant for his arrest for violating the terms of his Federal Probation. DOMINGO was on Federal Probation for being a felon in possession of a firearm.

11. Officer Weber and SA Rodriguez began surveillance of DOMINGO's mother's residence at 2925 Hempstead Way, Stockton, California. At approximately 09:45 hours, SA Rodriguez observed DOMINGO arrive at the residence in a black Acura sedan. DOMINGO was the driver of the Acura.

12. DOMINGO exited from the vehicle and was in possession of a backpack. A passenger also exited the vehicle from the front passenger's seat and both DOMINGO and the passenger walked to the front door of the residence. DOMINGO utilized and key and entered

the residence with the passenger.

13. At approximately 10:15 a.m., DOMINGO exited the residence and went to the driver's seat of the Acura sedan. SA Rodriguez, Officer Weber, and other members of the USMS Task Force contacted DOMINGO and placed him under arrest for his warrant.

14. After DOMINGO was in custody SA Rodriguez went to the porch of the residence and observed a backpack by the front door. The backpack appeared to be the same backpack that DOMINGO carried from the Acura to the area of the front door. SA Rodriguez opened the backpack and located a Fabrique Nationale (FN) Herstal FNS-40, .40 caliber, semi-automatic handgun, with serial number GKU0034810. Officer Weber later removed the firearm with a Stockton Police Department Field Evidence Technician (FET) from the backpack. Officer Weber located eight (8) unexpended cartridges inside the magazine of the firearm. There was not a chambered cartridge. I know from my training and experience that this firearm is manufactured outside of the State of California, and therefore, the gun moved in interstate commerce in the State of California.

15. Later, United States Probation Officer Talia Carrubba-Katz went to the backpack that contained the gun and removed a cell phone that was inside of the front pocket of the backpack. DOMINGO told her that the phone was his and provided the passcode, which worked to unlock the phone.

16. The firearm was collected by the FET and booked into evidence at the Stockton Police Department (SPD). A record check of the FN firearm showed it was not registered in the State of California.

17. Officer Weber took a statement from DOMINGO after providing a Miranda advisement. DOMINGO denied the backpack was his but admitted that his DNA would be on the gun. Referring to the firearm, DOMINGO told Officer Weber that he (DOMINGO) had "checked it out" the night before. DOMINGO told Officer Weber that he knew it was unlawful for him to possess a firearm while on Federal Probation.

18. A criminal history check of DOMINGO revealed that he has been convicted of

several crimes punishable by a term of imprisonment exceeding one year, including the following:

    a) Taking vehicle without owner consent in violation of California Vehicle Code Section 10851(a), on or about May 11, 2004.

    b) Evade Peace Officer in a vehicle in violation of California Vehicle Code Section 2800.2, on or about May 24, 2005.

    c) Possession of a controlled substance, in violation of California Health & Safety Code Section 11377(a), on or September 20, 2006.

    d) Assault with a deadly weapon (not firearm), in violation of California Penal Code 245(a)(1), on or about August 16, 2007.

    e) Possession for sales of a controlled substance for sale, in violation of California Health & Safety Code Section 11378(a), on or about April 4, 2012.

    f) Felon in possession of a firearm, in violation of 18 U.S.C. 922(g), on or about August 19, 2015.

19. Not only are each of these convictions punishable by a term of imprisonment exceeding one year, but DOMINGO was, in fact, sentenced to a term of imprisonment exceeding one year for each of these convictions. I therefore believe that there is probable cause to believe that DOMINGO knew that each conviction was punishable by a term of imprisonment exceeding one year.

///
///
///
///
///
///
///
///

### III. CONCLUSION

20. Based on the facts described above, I request that a criminal complaint and arrest warrant be issued for Steven DOMINGO, charging him with being a felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

/s/ Patrick High

Patrick A. High
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to me and signed telephonically.
on: ___June 11, 2021___

Hon. Kendall J. Newman
U.S. MAGISTRATE JUDGE

/s/ Michael W. Redding
Approved as to form by AUSA Michael W. Redding

# United States v. Steven Domingo
**Penalties for Criminal Complaint**

**Defendant**
**STEVEN DOMINGO**

**COUNT 1:**  STEVEN DOMINGO

VIOLATION:  18 U.S.C. § 922(g) - Felon in possession of firearm

PENALTIES:  Not more than 120 months,
Not more than $250,000 fine or both
A three-year term of Supervised Release

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**FORFEITURE ALLEGATION:**  STEVEN DOMINGO

VIOLATION:  18 U.S.C. § 934(d)(1),  28 U.S.C. § 2461(c) - Criminal Forfeiture

PENALTIES:  As stated in the charging document